**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-1614**

_____

MAHAMAN LAWAN OUMAROU MALAM, a/k/a Mahaman Malam Lawan Oumarou; SOUWEBA MAMAN BALLA, a/k/a Souweba Mamn Balla Mme Moussa Alou,

    Petitioners,

   v.

ERIC H. HOLDER, JR., Attorney General,

    Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted: January 20, 2012   Decided: February 3, 2012

_____

Before SHEDD, DAVIS, and WYNN, Circuit Judges.

_____

Dismissed in part and denied in part by unpublished per curiam opinion.

_____

Anser Ahmad, ADVANCED IMMIGRATION LAW GROUP, Harrisburg, Pennsylvania, for Petitioners. Tony West, Assistant Attorney General, Stephen J. Flynn, Assistant Director, Robert Michael Stalzer, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mahaman Lawan Oumarou Malam and Souweba Maman Balla, both natives and citizens of Niger, petition for review of an order of the Board of Immigration Appeals (Board) dismissing their appeal from the Immigration Judge's denial of their applications for relief from removal.

Petitioners first dispute the Board's finding that their asylum applications were not timely filed and that no exceptions applied to excuse the untimeliness. We have reviewed Petitioners' claims in this regard and find that we do not have jurisdiction to review this determination. See 8 U.S.C. § 1158(a)(3) (2006); Lizama v. Holder, 629 F.3d 440, 445 (4th Cir. 2011).

Petitioners next challenge the Board's alternative finding that they failed to establish eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and Petitioners' claims and conclude that Petitioners fail to show that the evidence compels a contrary result. Having failed to qualify for asylum, Petitioners cannot meet the more stringent standard for withholding of removal. Chen v.

2

<u>INS</u>, 195 F.3d 198, 205 (4th Cir. 1999); <u>INS v. Cardoza-Fonseca</u>, 480 U.S. 421, 430 (1987). Finally, we have considered Petitioners' contention that the Immigration Judge improperly questioned them at the hearing and find it to be lacking in merit.

Accordingly, we dismiss in part and deny in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART</u><br>
<u>AND DENIED IN PART</u>